1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7  LEO DAVID HANSON,                                  )                    3:13-cv-00397-MMD-WGC
                                                      )
8            Plaintiff,                               )                    **ORDER**
                                                      )
9         vs.                                         )                    **re: Doc. # 66**
                                                      )
10  PAULI, et al.,                                    )
                                                      )
11           Defendants.                              )
   _____ )

12

13        Before the court is Plaintiff's Motion for Reconsideration for Appointment of Counsel (Trial).

14  (Doc. # 66.)[1] Plaintiff's motion seeks reconsideration of this court's order of June 16, 2014 (Doc. # 48),

15  which denied his motion for appointment of counsel (Doc. # 46). Plaintiff states the fact that his case

16  will now go to trial justifies appointment of counsel and that "Counsel would better enable plaintiff to

17  present evidence and cross examine witnesses." (Doc. # 66 at 2.) The Defendants have opposed

18  Plaintiff's motion. (Doc. # 67).  No reply was filed.

19              **I.  LEGAL STANDARD: MOTION FOR RECONSIDERATION**

20        While Plaintiff has titled his motion as one for reconsideration (Doc. # 66 at 1), the court's order

21  was interlocutory in nature. The Federal Rules of Civil Procedure do not contain a provision governing

22  the review of interlocutory orders.  However, "[a]s long as a district court has jurisdiction over the case,

23  then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order

24  for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254

25  F.3d 882, 885 (9th Cir. 2001) (internal quotation marks, citation, and emphasis omitted).  This inherent

26  power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure."

27  *Id*. at 887.

28

_____

[1] Refers to court's docket number.

1    Although other districts in the Ninth Circuit have adopted local rules governing reconsideration

2    of interlocutory orders, the District of Nevada has not.  Rather, this district has used the standard for a

3    motion to alter or amend judgment under Rule 59 (e).  *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-

4    PMP-GWF, 2010 WL 3636278, at * 1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling*

5    *Solutions*, No. 3:08-cv-0353-RCJ (VPC), 2010 WL 1727841, at * 1-2 (D. Nev. 2010)).

6    Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the

7    following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a

8    'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at

9    * 1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003)). Moreover, "[r]econsideration

10   is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear

11   error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

12   law." *Id*. (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 2:08-cv-00891-PMP-LRL, 2010 WL

13   1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

14   While Plaintiff again expresses what he believes to be valid reasons supporting the appointment

15   of counsel, Plaintiff has still failed to submit any newly discovered evidence or to provide any authority

16   showing the court committed "clear error" in its original decision denying his request for appointment

17   of counsel (Doc. # 48). He also has not identified any change in the controlling law.  "[A] motion for

18   reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court

19   already has ruled." *Henry*, 2010 WL 3636278, at *1 (citing *In Re AgriBioTech, Inc.*, 319 B.R. 207, 209

20   (D. Nev. 2004)) (internal quotation marks omitted).

21   Nevertheless, the court will revisit the merits of Plaintiff's underlying motion.

## II.  DISCUSSION

### A.  Legal Standard Regarding Criteria for Appointment of Counsel

24   As the court has previously explained to Plaintiff, a litigant in a civil rights action does not have

25   a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.

26   1981). In very limited circumstances, federal courts are empowered to request an attorney to represent

27   an indigent civil litigant.  The circumstances in which a court will grant such a request, however, are

28   exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United*

1   *States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d

2   1328, 1331 (9th Cir. 1986).

3         A finding of such extraordinary circumstances requires that the court evaluate both the likelihood

4   of Plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the

5   complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing

6   *Wilborn*, 789 F.2d at 1331) (other citations omitted). Neither factor is controlling; both must be viewed

7   together in making the finding. *Id*. However, the district court exercises discretion in making this

8   finding. *Id*.

9         Absent a showing of case complexity and a likelihood of success, which as discussed below

10   Plaintiff has not demonstrated here, courts generally do not appoint counsel. Just because a case is

11   apparently proceeding to trial does not equate to "complexity." It is the plaintiff's burden to establish the

12   existence of such circumstances, and Plaintiff has not done so here. *See Rand v. Rowland*, 113 F.3d

13   1520, 1525 (9th Cir. 1997), *withdrawn in part on unrelated grounds*, 154 F.3d 952, 954 (9th Cir. 1998)

14   (en banc).

15   **B.  Analysis**

16         Plaintiff contends the issues in this case are complex and will require significant research and

17   investigation; and that he has limited access to the law library and limited knowledge of the law. (Docs.

18   # 46 at 1-2; # 66 at 1.) However, this is the reality of nearly every pro se inmate plaintiff that comes

19   before the court.

20

21       On the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

22       If all that was required to establish successfully the complexity of the relevant issues was
    a demonstration of the need for development of further facts, practically all cases would
    involve complex legal issues. Thus, although Wilborn may have found it difficult to

23       articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the
    merits nor shown that the complexity of the issues involved was sufficient to require

24       designation of counsel.

25    *Wilborn v. Escalderon*, 789 F.2d 1328, 1331(9th Cir. 1986).

26         The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the

27   request for appointment of counsel because the Plaintiff failed to establish the case was complex as to

28   facts or law.

1    In this court's order denying the appointment of counsel on June 6, 2014, the court ruled that

2  plaintiff had demonstrated that he is fully able to litigate this case on his own. (Doc. #. 48, at 2.)

3  Plaintiff's complaint, which survived screening, was found to state a viable Eighth Amendment excessive

4  force claim against two defendants (Doc. # 3.) Therefore, Plaintiff's claims are neither unduly

5  complicated nor unnecessarily complex.  Plaintiff also successfully defended Defendant Pauli's motion

6  for summary judgment (Doc # 59) and has recently responded to Defendant Starling's motion for

7  summary judgment (Doc. # 68) Therefore, while Plaintiff may have limited knowledge of the law and

8  limited access to a law library, he has demonstrated an ability to perform legal research and present

9  arguments in response to Defendants' filings. The court finds that Plaintiff still fails to demonstrate the

10  case is unduly complicated to the extent Plaintiff is unable to prosecute the case or articulate his claims.

11    Additionally, Plaintiff still has not demonstrated the likelihood of success on the merits, which,

12  as noted above is also a precondition to appointment of counsel.

13    Plaintiff states that "counsel would better enable plaintiff to present evidence and cross examine

14  witnesses." (Doc. # 66 at 2.) It is probable that any pro se inmate would likely benefit from services of

15  counsel. However, as discussed above, that is not the standard this court must employ in determining

16  whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

17  The Court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist.*

18  *Ct.*, 490 US 296, 310 (1989).   Thus, the Court can appoint counsel only under exceptional

19  circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)].

20  Those "exceptional circumstances" simply have not shown to be present in this case.

21    Therefore, the court, in its exercise of its discretion, again finds Plaintiff has failed to overcome

22  the admittedly formidable hurdles for appointment of counsel and denies Plaintiff's motion for

23  reconsideration.

24  ///

25  ///

26  ///

27  ///

28  ///

### III. CONCLUSION

Having failed to convince the court it should reverse its prior orders denying appointment of counsel, for the reasons outlined in the court's order of June 16, 2014, and the reasons stated herein, Plaintiff's Motion to Reconsider Appointment of Counsel (Doc. # 66) is **DENIED**.

IT IS SO ORDERED.

DATED:  January 13, 2015.


_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE